**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARCIA JULIAN,** | ) | **CASE NO.1:07CV3780** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **TARGET CORPORATION, ET AL.,** | ) | **ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

On April 21, 2008, this Court issued a Show Cause Order which required the parties

demonstrate the jurisdictional amount-in-controversy is met.  The Court's Order stated

specifically, "[p]arties shall submit cross briefs supported by facts sufficient to demonstrate the

probability that the jurisdictional amount is met." On May 1, 2008, Defendant Target

Corporation filed its Brief in Support of Notice of Removal and on May 5, 2008, Plaintiff filed

her Brief in Support of Jurisdiction.  Both Plaintiff and Defendant contend the jurisdictional

amount is met,  however, neither side offered evidence in support of their arguments.  The mere

allegations and conclusory statements of both Defendant and Plaintiff are not sufficient to

demonstrate jurisdiction.  In fact, case law in this circuit requires the removing party must prove,

by a preponderance of the evidence, that the plaintiff's claims meet the federal amount-in-

controversy requirement. *See Gafford v. General Electric Co.,* 997 F.2d 150, 158 (6ᵗʰ Cir. 1993). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. American Tobacco Co.,* 183 F.3d 488, 493 (6ᵗʰ Cir. 1999).  Defendant contends, without offering evidence, Plaintiff has $14,316.75 in medical bills with "undetermined bills and future claimed expenses". Plaintiff also alleges pain and suffering, loss of enjoyment and permanency of injury.

The speculative nature of undetermined bills, coupled with the Defendant's contentions at the case management conference that there were no lost wages, no time was lost from work due to Plaintiff's injuries, no bones were broken, she did not need an ambulance and was only treating with a chiropractor at the time of the CMC do not support a finding that the jurisdictional amount-in-controversy is met.  Because such statements are wholly unsupported by competent evidence, Defendant has failed to satisfy its burden on removal.

However, because there is a settlement conference set for May 30, 2008, the Court will permit Defendant to provide, at that time, evidence to support its Notice of Removal.  Such evidence may be in the form of expert reports, affidavits or similar evidence sufficient to meet its burden of proof.  Failure to meet this burden will result in the Remand of this case to state court.

IT IS SO ORDERED.

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

May 14, 2008